United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50330
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JUAN ALBERTO MONTES, JR.,
also known as Jose Maria Gonzalez,
also known as Jorge Montes-Ramos,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1943-ALL-DB
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Juan Alberto Montes, Jr., appeals his sentence of 24 months
in prison arising from his guilty-plea conviction for illegal re-
entry into the United States.  Montes argues that the upward
adjustment for obstruction of justice was contrary to the
Sentencing Guideline's commentary and that, even if the
obstruction adjustment was not barred, it was not supported by
the evidence because the Government admitted that it could not

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prove that "Juan Alberto Montes" is a false name and the Government had offered no evidence that the birth date Montes had given was false.

The district court made no explicit finding to support the enhancement for obstruction of justice. By granting the Government's motion, the district court implicitly found either that Montes had made a materially false statement to a judge or magistrate judge or to the probation officer. However, the record does not support a finding that Montes had made a false statement at all. The Government admitted that it did not know whether "Montes" was a false name and did not offer any evidence that the 1972 birth date was false. Thus, the district court clearly erred. See United States v. Martinez, 263 F.3d 436, 441 (5th Cir. 2001).

We do not conclude, "on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." United States v. Ahmed, 324 F.3d 368, 374 (5th Cir. 2003)(internal quotation marks and citations omitted). Montes's sentence is VACATED and the matter REMANDED for resentencing.